IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES POLJANEC, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No.  SA-14-CV-318-XR |
| HOME DEPOT U.S.A. INC., | § § § | |
| *Defendant*. | § § § § § § | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand. Doc. No. 3.  After careful consideration, the Court DENIES the motion.

**BACKGROUND**

This lawsuit arises out of an accident Plaintiff Charles Poljanec allegedly suffered during the course of his employment at Defendant Home Depot U.S.A. Inc. ("Home Depot").  Plaintiff claims that, on or about March 17, 2012, he was injured while loading a carpet roll onto a customer's truck. Orig. Pet. at ¶ 7,  Doc. No. 1, Ex. 3.  On March 14, 2014, Plaintiff filed this action against Home Depot in the 438th Judicial District Court of Bexar County, Texas. Doc. No. 1.

On April 9, 2014, Home Depot removed the case to this Court under 28 U.S.C. § 1441, alleging that diversity jurisdiction exists.  *Id.*  On April 28, 2014, Plaintiff filed this motion to remand, contending that removal was improper because his claim arises under the Texas Workers Compensation Act ("TWCA").  Defendant has filed a response.  Doc. No. 4.

**LEGAL STANDARD**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Removal is proper in any case where the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). For diversity jurisdiction to exist, there must be complete diversity of citizenship among the parties. *Stiftung v. Plains Mktg., L.P.*, 603 F. 3d 295, 297 (5th Cir. 2010)

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A party may not remove any case that "arises under" a state's workmen's compensations law. 28 U.S.C. § 1445(c)("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

**DISCUSSION**

Plaintiff's state court petition asserts a single cause of action for gross negligence against Home Depot. Orig. Pet. at ¶ 3. In his motion to remand, Plaintiff asserts that this claim "arises under" the TWCA and that, consequently, § 1445(c) precludes removal. Doc. No. 3. Defendant contends that Plaintiff's tort claim "arises under" the common law, not the TWCA, and so removal is proper because there is complete diversity of the parties and no statutory impediment

to federal jurisdiction. Doc. No. 4. For the purposes of § 1445(c), case law indicates that a claim "arises under" the law that creates the cause of action. *Ehler v. St. Paul Fire and Marine Insurance Co.*, 66 F.3d 771, 772 (5th Cir. 1995); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 (5th Cir. 1996). Therefore, the dispositive inquiry is whether the TWCA creates Plaintiff's negligence cause of action. If it does, then the case "arises under "the TWCA and removal is improper. If, however, Plaintiff is merely asserting a common law claim, § 1445(c) will not preclude removal inasmuch as Defendant has established that diversity jurisdiction exists.

Plaintiff's main argument in support of his motion to remand is that § 1445(c) is to be construed broadly in favor of remand and that, because other district courts have remanded similar cases, there is sufficient ambiguity in the law that the case should be remanded. Doc. No. 3. Plaintiff is correct that district courts in Texas are split on the issue of whether tort claims against non-subscribing employers are non-removable under § 1445(c). *Compare Morris v. Home Depot U.S.A., Inc.*, 3:10-CV-2289-B, 2011 WL 711047 (N.D. Tex. Feb. 28, 2011) (finding that employee tort cases against non-subscribing employers are removable), *and Pyle v. Beverly Enters.-Tex., Inc.*, 826 F.Supp. 206, 209 (N.D. Tex. 1993)(same), *and Harrington v. Home Depot U.S.A. Inc.*, No. H-11-1787 (S.D. Tex. July 12, 2011)(same), *with Ernewayn v. Home Depot*, EP-12-CV-387-DCG, Doc. No. 8 (W.D. Tex. Dec. 3, 2012) (remanding case) and *Figueroa v. Healthmark Partners*, 125 F.Supp. 2d 209, 211–12 (S.D. Tex. 2000) (same). As a starting point, the fact that district courts come out differently on this issue does not, by itself, create sufficient ambiguity such that remand is appropriate. Stated differently, just because other courts have found the source of an employee's right of action against his non-subscribing employer ambiguous does not prevent this Court from conducting its own analysis. To be sure, if the

Court concludes that ambiguity exists, the proper course is to remand the case. *See Acuna*, 200 F.3d at 339. However, were the Court merely to point at the split in authority and then remand, it would be abdicating its responsibility to address the substantive legal question before the Court.[1]

Accordingly, the Court first turns to the plain text of the relevant statutory provision, § 406.033 of the TWCA. The statute is silent on whether a plaintiff's tort cause of action against his non-subscribing employer comes from the common law or the TWCA. As a starting point, if the cause of action came from the statute one would expect the statute to say so. Section 406.033(a) provides that "[i]n an action against" a non-subscribing employer, the defendant employer is prohibited from asserting certain common law defenses. *Id.* This section is most notable for what it does not say; it does not confer upon a potential plaintiff a right to sue his employer, nor does it impose any substantive duties on the employer such that a violation thereof could be interpreted as giving rise to a private cause of action. Instead, the most natural reading of the statute is that it assumes such a right to sue already exists and thus comes from the common law. Moreover, the fact that the statute addresses defenses to liability does not mean that the original right of action must also come from the TWCA. *See Eurine v. Wyatt Cafeterias, Inc.*, 1991 WL 207468 at *2 (N.D. Tex. Aug. 21, 1991) (Sanders, C.J.) ("A cause of action does not arise under workers' compensation laws merely because the workers' compensation statute deprives the defendant of certain defenses to the cause of action.").

---

[1] Orders granting motions to remand are generally not reviewable. *See Ernewayn v. Home Depot U.S.A. Inc.*, 727 F.3d 369 (5th Cir. 2013). Under Plaintiff's doctrinal approach to addressing whether there is ambiguity in the case law such that remand is appropriate, once a district court enters an unreviewable remand order, there is ambiguity and so all future similar cases must be remanded. This is not the appropriate way to construe the removal statute narrowly.

In addition, the statute provides that "the plaintiff must prove negligence of the employer…" TEX. LABOR CODE § 406.033(d).  Based on this language, and the fact that the TWCA eliminates some common law defenses, some courts have found that a negligence claim against a non-subscribing employer must "proceed within the parameters" of the TWCA.  *See Figueroa,* 125 F.Supp. 2d at 211–12; *see also*, *American Intern. Specialty Lines Ins. Co., v. Rentech Steel LLC*, 620 F.3d 558 (5th Cir. 2010)("We agree…a negligence claim against a non-subscriber must proceed within the parameters delineated in section 406.033").  It is undeniable that the TWCA modifies a traditional negligence action against a non-subscribing employer.  However, modifying a cause of action and creating it are not the same.  Under the Fifth Circuit's test, a cause of action arises under the law that creates it, not the law that modifies it.  *See Patin*, 77 F.3d at 785.  To illustrate, consider a federal statute providing certain defenses to liability.  No one could persuasively argue that the federal law "created" a traditional state law tort cause of action solely because it somehow modifies a plaintiff's right to recover.  Cf. *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908) (state law contract claim did not "arise under" federal law that created substantive defenses to liability).  The result is that while a negligence claim must "proceed within the parameters" of the TWCA, that alone is insufficient to find that such a claim "arises under" the statute.  Since the TWCA does not appear to create the cause of action, the reasonable inference is that employees retain their common law right to sue in tort and any such claims do not "arise under" the TWCA.

This inference is bolstered by a related section of the TWCA.  Section 406.334, a provision not often analyzed by courts assessing this issue, provides that "[a]n employee who desires *to retain* the common-law right of action to recover damages for personal injuries," may

5

opt-out of his employer's workmen's compensation plan in writing. TEX. LABOR CODE § 406.034. The fact that an employee "retains" their common law right of action suggests that such a right existed prior to the enactment of the TWCA and was not created by the statute.

The Fifth Circuit has not directly ruled on the question of whether an employee's negligence claim against his non-subscribing employer comes from Texas common law or from the TWCA. As Defendant notes, however, the Fifth Circuit did address a very similar question in *Rentech*. *Rentech* was a declaratory judgment action regarding the scope of an insurance policy. In deciding whether the plaintiff's policy covered defendant's liability for its common law tort, the Fifth Circuit addressed the question of whether negligence claims against a non-subscriber "arises under" the TWCA or the common law. *Rentech Steel LLC*, 620 F.3d at 563. The Court noted its own belief that the TWCA "does not create a cause of action that usurps the common law cause of action," before conducting an *Erie*-guess of how the Texas Supreme Court would resolve the question. *Id.* at 564. As part of its analysis, the Fifth Circuit noted that the Texas Supreme Court had, albeit in dicta, found that negligence actions against non-subscribers came from the common law. *Id.* (citing *Kroger Company v. Keng*, 23 S.W.3d 347, 351 (Tex. 2000)). The Court also rejected the argument, advanced by Plaintiff here, that just because the TWCA sets parameters for a common law action does not mean that it "creates" the cause of action. *Id.* at 565 (noting that many claims with common law origins are "governed" by statutory law and that this does not change their origins). Finally, the Fifth Circuit cited with approval the Northern District of Texas's opinion in *Pyle*, in which Chief Judge Fitzwater found that § 1445(c) did not preclude removal because negligence claims "are not causes of action that

are created by the TWCA; they exist independently." *Id.* at 568 (citing *Pyle*, 826 F.Supp. at 209).

While *Rentech* supports this Court's conclusion that negligence claims do not "arise under" the TWCA, it is not dispositive because the Fifth Circuit was not expressly considering § 1445(c). In fact, as Plaintiff points out, the Fifth Circuit declined to "comment on whether the TWCA's mere 'contemplation' of a cause of action provides sufficient justification to deny removal." *Id.* at 569. At least one court in this district has remanded a similar case post-*Rentech*. *See Ernewayn*, No. EP-12-CV-387, Doc. No. 8 (W.D. Tex. Dec. 3, 2012). At the same time, it is an overstatement for Plaintiff to claim that Defendant's reliance on *Rentech* is "knowingly misplaced" or that the case is "not on point." Doc. No. 3 at 5. Although *Rentech* is not binding, the analysis contained therein on the question presented by this motion − whether a negligence claim "arises under" the common law or the TWCA − was well-reasoned and persuasive. Put simply, this Court's independent analysis, when combined with the Fifth Circuit's decision in *Rentech*, supports the finding that this is not an "ambiguous" question of law such that remand would be appropriate.

Although the Court is mindful that § 1445(c) is to be construed broadly in favor of remand, if a claim does not "arise under" the TWCA, then there is no statutory basis for remand. After reviewing the statute and case law, the Court finds that Plaintiff's gross negligence claim is a common law tort that was not created by the TWCA. Accordingly, § 1445(c) does not preclude removal and is not a basis for remand.

Plaintiff suggests in passing that Defendant has not met its burden of establishing that diversity jurisdiction exists because it has not attached evidence of its citizenship, or that the

amount in controversy exceeds $75,000. Doc. No. 3 at ¶ 15-16. However, Plaintiff's own original petition establishes that compete diversity exists. Plaintiff is a Texas resident. Defendant is a Delaware corporation with a principal place of business in Georgia. Orig. Pet. at ¶ 2-3. It is thus a resident of those states for jurisdictional purposes. 28 U.S.C. § 1332(c)(1) (Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business")/

With respect to the amount in controversy, Plaintiff seeks between $200,000 and $1,000,000 in damages. Orig. Pet. at ¶ 11. Thus, it is clear from the face of the petition that the amount in controversy requirement has been satisfied, and the removing party is under no further obligation to provide summary judgment-like evidence. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) ("Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") Plaintiff's assertion that Defendant needs to provide evidence to establish the amount in controversy would only have merit if the amount in controversy was not clear from the face of the petition. *See De Aguilar,* 47 F.3d at 1412. Accordingly, Defendant has satisfied its burden of establishing that subject matter jurisdiction exists.

## CONCLUSION

In light of the foregoing analysis, the motion to remand is DENIED. Doc. No. 3.

SIGNED this 19th day of May, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE